U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE
### Jury Trial

2015 APR 14 P 1: 37

Plaintiff – *pro se*

Douglas Bersaw

139 Tully Brook Road

Richmond, NH 03470

thebersaws@ihmmedia.net

603-239-8827

v.

Mega Energy of New Hampshire LLC

Javed Meghani – President

5065 Westheimer Road, Suite 1111

Houston, TX 77056

And their parent company Mega Energy Holdings

and unknown third parties to be discovered

Hon. XXXXXXXXX

*1:15-cv-126-LM*

Civil Case No.1:15 cv 0XXXX

## VERIFIED COMPLAINT

Douglas Bersaw hereby sues Defendant, Mega Energy of New Hampshire LLC

(hereinafter MEGA), a Texas company operating in Hew Hampshire, their parent company

Mega Energy Holdings LLC, a Texas company, and undisclosed third parties who may have

been acting as agents or employees of either company or both, for willful and knowing violations

of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(b)(1)(B), <u>AND</u> for further

willful and knowing violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227 (Do Not Call violations), <u>AND</u> for willful and knowing violations of two New Hampshire Statutes, that being RSA 359-E and RSA 358-A.

## PRELIMINARY STATEMENT

1.   This is an action for statutory and punitive damages and injunctive relief brought by Plaintiff against Defendant for: 1) violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(b)(1)(B), and 2) violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(c)(5)(B), and 3) for violations of the New Hampshire Telemarketing law RSA 359-E:8 and RSA 358-A the New Hampshire Consumer Protection Act.

2.   Plaintiff's telephone numbers have been registered on the National DO NOT CALL Registry since August 2013.

3.   Plaintiff contends that the Defendant MEGA has violated these laws by repeatedly calling Plaintiff in attempts to market goods or services.

## JURISDICTION AND VENUE

4.   Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims under RSA 359-E:11 pursuant to 28 U.S.C. §1367.

5.   Venue is proper pursuant to 28 U.S.C. §1391b and NH RSA 359-E:11 Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

6.   This is an action for damages that exceed $50,000.

## PARTIES

7. Plaintiff Douglas Bersaw is a natural person, a consumer, and a resident of the State of New Hampshire.

8. Upon information and belief Defendant, MEGA is a foreign corporation, registered to do business in New Hampshire whose principal office located at 5065 Westheimer Road, Suite 1111 Houston, TX 77056 having a registered agent named Capitol Corporate Services Inc. that has a business address at One Old Loudon Road – Concord, NH 03301.


## FACTUAL ALLEGATIONS

9.    Defendant MEGA, initiated (at least) six telephone calls to the Plaintiff's home telephone numbers 603-239-8827 and/or 603-239-6912 using an automatic telephone dialing system that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. Plaintiff is charged for this telephone service and Defendant has no permission to use this telephone service without my consent.

10.   Defendant MEGA left six messages on the Plaintiff's answering machine using a pre-recorded message attempting to market goods or services to Plaintiff.

11.   These six calls and messages were made and received on specific days during the months of July and August of 2014. The first recorded call that the Plaintiff is aware of was made on July 2, 2014 and the last that the Plaintiff is aware of was made on August 29, 2014.

12.   Plaintiff is a consumer and Defendant is a business telemarketer within the definitions of the US Codes and NH Statutes referenced in this Complaint.

## COUNT I

## VIOLATIONS OF THE TELEPHONE

## COMMUNICATIONS ACT 47 U.S.C. §227

13. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

14. Defendant MEGA has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by initiating a call, using an automatic telephone dialing system, to the Plaintiff's telephone number at least six times between July 2, 2014 and September 1, 2014. The Plaintiff has never given MEGA permission to call Plaintiff's phone. Plaintiff and MEGA do not have an established business relationship within the meaning of 47 U.S.C. §227.

15. Defendant MEGA has demonstrated willful or knowing non-compliance with USC § 47 USC § 227(b)(1)(B) by using an automatic telephone dialing system to call the Plaintiff's telephone number at least six times between July 2, 2014 and September 1, 2014, and also by leaving a pre-recorded message each time attempting to market goods or services.

16. Plaintiffs are entitled to damages of $500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). The six calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3)(B), as they were intentional, that is made willingly or knowingly.

**WHEREFORE,** Plaintiff demands judgment in the amount of $3000 statutory damages, plus $6000 punitive damages, plus attorney's fees and costs, pursuant to 47 U.S.C. §227.

## COUNT II

## VIOLATIONS OF THE TELEPHONE

## COMMUNICATIONS ACT 47 U.S.C. §227 (c)(5)

17. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

18. Defendant MEGA has demonstrated willful or knowing non-compliance with USC § 47 USC § 227(c)(5)(B) by calling the Plaintiff's number at least six times between July 2, 2014 and September 1, 2014, even though they are required by 47 U.S.C to refrain from calling any number listed on the National DO NOT CALL Registry.

19. Plaintiffs are entitled to damages of $500 per violation (after the first call which is not subject to a penalty) pursuant to 47 U.S.C. §227(b)(3)(B). The five subsequent calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional, that is made willingly or knowingly.

**WHEREFORE,** Plaintiff demands judgment in the amount of $2500 statutory damages, $5000 punitive damages, plus attorney's fees and costs, pursuant to 47 U.S.C. §227.

## COUNT III

## VIOLATIONS OF THE NEW HAMPSHIRE TELEMARKETING ACT RSA 359-E

## BY DEFENDANT MEGA

20.     Each of the foregoing allegations are hereby re-alleged and incorporated herein.

21. Plaintiff is a consumer and MEGA is a telemarketer doing business within this state, according to, and within, the definitions of RSA 359-E.

22. Plaintiff's telephone numbers have been registered on the National DO NOT CALL Registry since August 2013.

23. From July 2, 2014 thru September 1, 2014, MEGA willfully and knowingly initiated at least six telemarketing calls to Plaintiff's home telephone and willfully and knowingly left recorded messages utilizing artificial or prerecorded voices on the Plaintiff's telephone

answering machine with no prior express consent given by the Plaintiff and in an attempt to

market goods or services within the meaning of RSA 359-E.

24. Plaintiff has never had any existing business relationship with MEGA.

**WHEREFORE,** Plaintiff demands judgment for damages against MEGA for willful and

knowing violations including $6000 statutory damages, plus $12,000 punitive damages, plus

attorney's fees and costs, pursuant to RSA 359-E:11.


### COUNT IV
### VIOLATION OF NEW HAMPSHIRE CONSUMER PROTECTION ACT RSA 358-A:2
### BY DEFENDANT MEGA

25. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

26. Plaintiff is a natural person and a consumer and Defendant is involved in trade or

commerce within the meaning of RSA 358-A:1.

27. From July 2, 2014 thru September 1, 2014, MEGA willfully and knowingly initiated

at least six telemarketing calls to Plaintiff's and willfully and knowingly left recorded

messages utilizing artificial or prerecorded voices on the Plaintiff's telephone answering

machine with no prior express consent given by the Plaintiff and in an attempt to market

goods or services within the meaning of RSA 359-E.

28. Pursuant to the definitions in RSA 359-E:6 any violation of 359-E, shall constitute a

violation of RSA 358-A and any remedies available under that statute shall be in addition to

those available under RSA 359-E-11.

**WHEREFORE,** Plaintiff demands judgment for damages against MEGA for $6000 statutory damages, plus punitive damages of $12,000 plus attorney's fees and costs, pursuant to RSA 358-A:10.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this _____13th_____ day of April 2015.

Plaintiff Douglas Bersaw states as follows:

1. I am the Plaintiff in this civil proceeding titled Douglas Bersaw v. MEGA.

2. This civil Complaint is well grounded in fact and is warranted by existing law. This civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant named in the Complaint.

3. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Douglas Bersaw, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____          Date    4/13/15
Douglas Bersaw

_____          Date    4/13/15
Notary Public

Complaint – Bersaw v. MEGA

## CERTIFICATION OF MAILING

I hereby certify that on the date of filing of this Complaint, April 13, 2015 a copy of this Complaint was mailed first class mail, along with a Waiver of Service notice and Return of Service Waiver form to the following:

Mega Energy of New Hampshire LLC
Javed Meghani President & Treasurer
5065 Westheimer Road – Suite 1111
Houston, TX 77056
713-590-3340 - jmeghani@rmegaenergyllc.com

Capitol Corporate Services, Inc.
1 Old Loudon Road
Concord, NH 03301

/s/ Douglas A. Bersaw Plaintiff *pro se*