Karen A. Pickett  (NH Bar #11347)
Pickett Law Offices, P.C.
22 Batterymarch St., 4th Floor
Boston, MA 02109
Tel. (617) 423-0485
Fax. (617) 482-6677
kpickettlaw@gmail.com

Misty Gasiorowski (pro hac pending)
Weycer, Kaplan, Pulaski & Zuber, P.C.
11 Greenway Plaza, Suite 1400
Houston, Texas  77046
(713) 961-9045
(713) 961-5341 Fax
mgasiorowski@wkpz.com

*Attorneys for Defendant Mega Energy Holdings LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **DOUGLAS BERSAW** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:15-CV-126 |
| | § | |
| **MEGA ENERGY HOLDINGS LLC** | § | Jury Trial |

## DEFENDANT MEGA ENERGY HOLDINGS LLC'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MCCAFFERTY:

Defendant Mega Energy Holdings LLC (hereinafter "Defendant") files this original answer in response to Plaintiff, Douglas Bersaw's Verified Complaint and in support thereof would show the following:

## I. Verified Complaint

1. The first paragraph of the complaint is an introductory paragraph that does not require an answer. Nevertheless, Defendant admits it is a Texas company. Defendant denies the complaint was verified and denies the allegations that Defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. §227, or the New Hampshire Statutes, RSA 359-E and RSA 358-A.

## II. Preliminary Statement

2. Paragraph 1 of the complaint is an introductory paragraph that does not require an answer. However, Defendant denies that it has violated Section 227(b)(1)(B) or Section 227 (c)(5)(B) of the Telephone Consumer Protection Act and the New Hampshire Consumer Protection Act, RSA 359-E:8 and RSA 358-A.

3. Defendant does not have sufficient information to admit or deny the assertion in paragraph 2 of the complaint.

4. Defendant denies that it has violated any laws by repeatedly calling Plaintiff in attempts to market goods or services.

## II. Jurisdiction and Venue

5. Defendant denies that jurisdiction of this Court arises under 15 U.S.C. §1681p, which governs actions to enforce liability under Subchapter III relating to credit reporting agencies, but does not challenge the jurisdiction of this Court as

Defendant admits that Plaintiff has brought suit pursuant to Federal Statutes that invoke Federal Jurisdiction.

4. Defendant denies that venue is proper pursuant to NH RSA 359-E:11, but does not challenge venue in this Court pursuant to 28 U.S.C. §1391b. Defendant admits that Plaintiff resides here, the Defendant transacts business here, and the conduct complained of – to the extent it occurred at all – occurred here.

5. Defendant admits that Plaintiff has sued for more than $50,000.

### III. Parties

6. Defendant admits that Plaintiff is a natural person but does not have sufficient information to admit or deny the remaining assertions in paragraph 7 of the complaint.

7. Defendant admits the allegations contained in paragraph 8 of the complaint. However, to the extent the term "MEGA" has been defined by Plaintiff in the complaint to mean Mega Energy of New Hampshire LLC, Defendant denies that said entity has been properly sued or served as a defendant in this lawsuit.

### IV. Factual Allegations

8. Defendant does not have sufficient information to admit or deny that Plaintiff is charged for the telephone service, but denies the remainder of paragraph 9 of the complaint.

Defendant's Original Answer                                                                                         Page 3

9. Defendant denies the allegations contained in paragraph 10 of the complaint.

10. Defendant denies the allegations contained in paragraph 11 of the complaint.

11. Defendant is unable to admit or deny the allegations contained in paragraph 12 of the complaint because the terms "consumer" and "business telemarketer" or "telemarketer" are not defined in the US Codes and NH Statutes referenced in the complaint.

**V.  Count I-Violations of the Telephone Communications Act 47 U.S.C. §227**

12. The allegations in paragraph 13 are statements for which no response is required.

13. Defendant admits that Plaintiff has never given Defendant permission to call Plaintiff's phone. Defendant is unable to admit or deny that Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227 because the term "established business relationship" is only defined in Section 227(a)(2) for purposes of subsection (b)(1)(C)(i), which relates to unsolicited advertisements to telephone facsimile machines and is not at issue in the complaint. Defendant denies the remaining allegations contained in paragraph 14 of the complaint.

14. Defendant denies the allegations contained in paragraph 15 of the complaint.

15. Defendant denies the allegations contained in paragraph 16 of the complaint.

16. The allegations in the unnumbered paragraph at the end of "Count I" are statements for which no response is required.

## VI. Count II- Violations of the Telephone Communications Act 47 U.S.C. §227(c)(5)

17. The allegations in paragraph 17 are statements for which no response is required.

18. Defendant denies the allegations contained in paragraph 18 of the complaint. Section 227(c)(5)(B) provides a right of action to recover for certain violations but does not itself establish a standard to be complied with.

19. Defendant denies the allegations contained in paragraph 19 of the complaint. Defendant specifically denies that damages under Section 227(b)(3)(B) are available for violations of Section 227(c)(5)(B), which is the subsection that Plaintiff alleges Defendant violated in the preceding paragraph.

20. The allegations in the unnumbered paragraph at the end of "Count II" are statements for which no response is required.

{MEG001/00018/1040990.DOCX;1/MLM }
Defendant's Original Answer                                                                                         Page 5

## VII. Count III-Violations of the New Hampshire Telemarketing Act RSA 359-E

21. The allegations in paragraph 20 are statements for which no response is required.

22. Defendant is unable to admit or deny the allegations contained in paragraph 21 of the complaint because the terms "consumer" and "telemarketer" are not defined in RSA 359-E.

23. Defendant does not have sufficient information to admit or deny the assertions in paragraph 22 of the complaint.

24. Defendant denies the allegations contained in paragraph 23 of the complaint.

25. Defendant admits that Plaintiff has never had any existing business relationship with Defendant as alleged in paragraph 24. The remaining allegations are statements for which no response is required.

## VIII. Count IV- Violation of the New Hampshire Consumer Protection Act RSA 359-A:2

26. The allegations in paragraph 25 are statements for which no response is required.

27. Defendant admits that Plaintiff is a natural person and that Defendant is involved in "trade" or "commerce" as those terms are defined in RSA 358-A:1, as

alleged in paragraph 26 of the complaint, but does not have sufficient information to admit or deny that Plaintiff is a consumer within the meaning of RSA 358-A:1 because the term "consumer" is not defined in RSA 358-A:1.

28. Defendant denies the allegations contained in paragraph 27 of the complaint.

29. The allegations in paragraph 28 of the complaint are statements or conclusions of law for which no response is required.

30. The allegations in the unnumbered paragraph at the end of "Count IV" are statements for which no response is required.

**IX. Demand for Jury Trial**

31. The allegation in the first sentence of this section is a statement for which no response is required.

32. Defendant denies that the complaint has been properly verified by Plaintiff.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. By pleading the following Affirmative Defenses, Defendant does not concede that each of the matters by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages.

### First Affirmative Defense (Failure to State a Claim)

2. The Complaint, and each and every claim alleged therein, fails to state facts sufficient to state a claim upon which relief can be granted against Defendant.

### Second Affirmative Defense (Established Procedures)

3. Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under Section 227(c). *See* §227(c)(5).

4. As part of Defendant's routine business practice, Defendant has established and implemented written procedures to comply with RSA 359-E; has trained its personnel in the requirements of RSA 359-E; uses a process to prevent telemarketing to any telephone number on any do-not-call list or registry referenced in RSA 359-E, maintains the current, quarterly version of the list or registry, and maintains records documenting this process; monitors and enforces compliance with the procedures established; uses a version of the do-not-call list obtained no more than 3 months prior to the date that any call is made; and any subsequent call otherwise violating 359-E was not part of a pattern of calls made in violation of 359-E and was the result of a good faith error. *See* RSA 359-E:11(III).

### Third Affirmative Defense (Other Defenses)

5. To the extent not set forth herein, Defendant reserves the right to assert additional defenses that become available or apparent during discovery and to amend this Answer accordingly.

THEREFORE, Defendant denies that it is liable to Plaintiff and denies that Plaintiff is entitled to the relief requested in the Complaint or any relief whatsoever. Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, and that Public Storage be awarded its costs of defense, including reasonable attorneys' fees.

Dated: July 17, 2015.

/s/Karen A. Pickett

Karen A. Pickett (NH Bar #11347)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered to all parties and counsel listed below via electronic service, U.S. Mail and/or Facsimile on the 17th day of July, 2015.

Douglas Bersaw
139 Tully Brook Road
Richmond, NH 03470
thebersaws@ihmmedia.net

/s/Karen A. Pickett

Karen A. Pickett